**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. CR-09-21-M |
| ) | |
| TUESDAY SHALON JOHNSON,   ) | |
| ) | |
| Defendant.   ) | |

## ORDER

Before the Court is defendant Tuesday Shalon Johnson's ("Johnson") Motion to Sever, filed March 19, 2009. On April 20, 2009, the government filed its response.

Defendants John Charles Fletcher, LaTonya Ellison, Tuesday Shalon Johnson ("Johnson"), Michael Thompson, Kevin DeWayne Wright, and Lenora Wright were indicted in a forty-two count indictment. Count 1 charges defendants with conspiracy to possess with intent to distribute and to distribute crack cocaine, PCP, and marijuana. Johnson additionally is charged in six counts with distributing PCP, cocaine, and crack cocaine.

Johnson now moves the Court to sever her case and to try her separately from her co-defendants. Johnson asserts that severance is required because a joint trial would prevent the jury from giving individual consideration to her case and that the spillover prejudice to her as a result of the separate evidence that is relevant only to her co-defendants will be significant in a joint trial. Johnson also asserts that severance is required because she likely will seek to place blame on a co-defendant or co-defendants for the crimes for which she has been charged.

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions,

> constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).  Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> (a) Relief.  If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Generally, persons indicted together are tried jointly.  *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985).  "The defendant has the burden of clearly showing prejudice would result from a joint trial. . . . [she] must affirmatively show that a joint trial abridges [her] right to a fair trial." *United States v. Troutman*, 814 F.2d 1428, 1447 (10th Cir. 1987) (internal citations omitted). "Merely asserting a heightened chance of acquittal or the negative spillover effect of evidence against a co-defendant is insufficient to warrant a severance."  *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (internal citation omitted).  "[A]bsent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts."  *United States v. Flanagan*, 34 F.3d 949, 952 (10th Cir. 1994) (internal quotations and citations omitted).

Further, irreconcilable defenses may require that defendants be tried separately; however, mere conflicting defenses do not, standing alone, satisfy the showing of prejudice necessary for judicial severance.  *United States v. McClure*, 734 F.2d 484, 488 (10th Cir. 1984).  "[S]everance is not required unless the defendant proves that the defenses are so antagonistic that they are mutually exclusive."  *United States v. Burrell*, 720 F.2d 1488, 1492 (10th Cir. 1983).  One defendant's attempt

to cast blame on another defendant is not, in itself, sufficient to require separate trials. *McClure*, 734 F.2d at 488.

Upon review of the parties' submissions and the circumstances involved in the case at bar, the Court finds that Johnson has not met her burden of clearly showing that prejudice would result from a joint trial. Specifically, the Court finds any negative spillover effect of evidence against co-defendants is insufficient to warrant a severance in this case. The Court further finds Johnson has not proved that any defense she may assert is so antagonistic to a co-defendant's defense that they are mutually exclusive; simply casting blame on her co-defendants is not sufficient to require a separate trial.

Accordingly, the Court DENIES Johnson's Motion to Sever [docket no. 256].

**IT IS SO ORDERED this 27th day of April, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE