**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                )<br>    Plaintiff,       )<br>                )<br>vs.               )  Case No. CR-09-21-M<br>                )<br>TUESDAY SHALON JOHNSON,  )<br>                )<br>    Defendant.      )| |

**ORDER**

Before the Court is defendant Tuesday Shalon Johnson's Motion to Withdraw Plea of Guilty, filed May 8, 2009. On May 19, 2009, the government filed its response. The Court held a hearing on this matter on May 29, 2009.

On May 6, 2009, defendant changed her plea and pled guilty to Count 25 of the Indictment, distribution of a quantity of crack cocaine. Defendant now moves the Court to withdraw her plea of guilty for the following reasons: (1) she did not understand her waiver of a speedy trial; (2) she was not advised that she could have withdrawn her plea of guilty before the Court accepted the plea; (3) she did not know that she could have pled guilty to Count 25 without having to testify against any co-defendants at trial; and (4) although she did not want to go to trial, she thought that she could have had the *James* hearing anyway, discovered what co-conspirator statements would be permitted at trial, and then decide whether she wanted to go to trial.

"Defendants do not have an absolute right to withdraw a guilty plea. Under Fed. R. Crim. P. 32(e), [i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. The burden is on the defendant to establish a fair and just reason for the withdrawal of the plea." *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (internal quotations and citations

omitted). The Tenth Circuit has set forth the following seven factors a court should consider in determining whether a defendant has met her burden of proof: (1) whether the defendant has asserted her innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources. *Id.* at 749.

Having carefully reviewed the parties' submissions, and having heard the statements of counsel, the Court finds defendant has not established any fair and just reason for the withdrawal of her plea. Specifically, the Court finds that none of the above-referenced factors support allowing defendant to withdraw her plea, and the only factor that does not weigh against defendant being allowed to withdraw her plea is the fact that defendant did not delay in filing her motion. The Court further finds that no where in the record has defendant asserted her innocence; instead, the record is replete with instances where defendant has admitted the facts necessary to establish the factual basis for the offense to which she has pled guilty. Additionally, the Court finds that the government would be prejudiced if defendant were allowed to withdraw her plea. At the time defendant notified the Court that she wished to change her plea to guilty, the government was present with witnesses and ready to proceed with a scheduled *James* hearing; if defendant is allowed to withdraw her plea, the government would again have to prepare for the *James* hearing and have its witnesses available. For the same reasons, the Court finds that there would be inconvenience to the Court and a waste of judicial resources if the motion is granted.

The Court also finds that defendant's counsel, Ms. Judith Johnson, has been very effective in her assistance to defendant; in fact, the Court finds that based upon the advise, assistance, and representation provided by Ms. Johnson, defendant was allowed to enter a plea to a count with no minimum mandatory sentence at all and a term of years cap, when one of the other counts in which defendant was charged carried a minimum mandatory term of ten years' imprisonment. Further, the Court finds that Ms. Johnson thoroughly explained to defendant her speedy trial rights and the need to waive such rights in her case.

Additionally, the Court finds that defendant's plea was knowing and voluntary. At the change of plea hearing, the Court went to great lengths to make sure defendant's plea was knowing and voluntary. A review of the transcript of that hearing, as well as a review of the plea agreement and petition to enter plea, clearly shows that defendant's plea of guilty was knowing and voluntary. At the hearing, there was no indication that defendant's plea had been coerced, and there was no doubt in the Court's mind that defendant knew what she was doing. The Court further finds that during the hearing defendant was in fact advised that she could withdraw her plea of guilty prior to the Court's acceptance of said plea. Finally, the Court finds that defendant is not required under her plea agreement to testify against any co-defendants at trial and that defendant has not shown that she actually did wish to go forward with the *James* hearing.

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Withdraw Plea of Guilty [docket no. 302].

**IT IS SO ORDERED this 8th day of June, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE